**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELSON MAWALLA,<br><br>    Plaintiff,<br><br>    v.<br><br>LAKEWOOD POLICE DEPT., LYNN MILLER, & DETECTIVE DEPT.,<br><br>    Defendants. | Civil Action No. 23-1083 (RK) (DEA)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiff Nelson Mawalla's ("Plaintiff") application to proceed *in forma pauperis* (ECF No. 1-6), together with Plaintiff's Complaint against the Lakewood Police Department, Lynn Miller, and Detective Department (collectively, "Defendants") (Compl., ECF No. 1.) For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **DENIED** and his Complaint is **DISMISSED** without prejudice.

**I.    BACKGROUND**

    The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). At some point Plaintiff applied for a "gun permit" from the Lakewood Police Department and was denied the permit on the basis of an alleged criminal record, which Plaintiff claims does not exist. Plaintiff cites his "right to own gun if have no criminal record" as well as "Right #2." (Compl. at 2.) Plaintiff attached to the Complaint a June 19, 2006 "Order of Discharge" entered by a Texas State Court related to his evident 2003 felony charge. (ECF No. 1-4.)

Plaintiff's Complaint requests that the Court order Defendants to "provide this Court all available record if [Plaintiff] do[es] have any kind of criminal record" (Compl. at 3) and to "make Defendants to provide Plaintiff what [he] request[s] a gun permit and permit to purchase a gun (*Id.* at 4).

Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-6.) The application is signed but not dated. Plaintiff left many boxes on the IFP application blank. He indicated that he receives approximately $2,200 in monthly income, and that he was employed within the past two years but that he received no pay from that employment. (*Id.* at 3.) This Court also notes that the name and dates of employment are illegible. Plaintiff did not fill out any box indicating he has money held at a financial institution. (*Id.*) Plaintiff also attached to his application a February 22, 2023 "Certification/Petition/Application in Support of a Fee Waiver," from New Jersey state court. (*Id.* at 6–7.) This document states that Plaintiff has $250 in a checking account, that he has a "net monthly income" of $2.29, and that he has a "total monthly income" of $20,285. (*Id.* at 7.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III. DISCUSSION

#### A. *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)).

The Court finds that Plaintiff's IFP application does not offer sufficient information to enable the Court "to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees" or to "determine Plaintiff's financial status." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023). Plaintiff did not fill out many of the boxes on the IFP form. While Plaintiff was not required to append the "Certification/Petition/Application in Support of a Fee Waiver" issued by the state court, (ECF No. 1-6 at 6–9), the Court cannot ignore the contradictory information contained on the submitted application. Plaintiff's application alternatively reports his monthly income as $2.29, $2,285.00, and $20,285.00. (ECF No. 1-6 at 2,

7.) One portion of the application indicates that Plaintiff has no account at a financial institution, and another indicates that he has $250 in a checking account. (*Id.* at 2, 7.) Therefore, the Court denies Plaintiff's IFP application without prejudice for Plaintiff to refile within thirty (30) days.

### B.    Review of Complaint

Even if the Court denies the IFP application, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that the Complaint's allegations are "simple, concise, and direct." R. 8(d). Although the rule's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

The Complaint here does not provide a "short and plain statement" showing Plaintiff's entitlement to relief, Fed. R. Civ. P. 8(a), and offers no "claim upon which relief may be granted,"

28 U.S.C. § 1915(e)(2)(B)(ii). From a review of the *pro se* Complaint, it does not appear that Plaintiff brings a facial challenge to New Jersey's firearm permit laws or seeks money damages. New Jersey law provides a process for applicants denied a firearms permit to seek a hearing before the New Jersey Superior Court, s*ee* N.J. Stat. Ann. § 2C:58-3(d), but that does not create a federal cause of action. Rather, Plaintiff seeks the Court to order the Lakewood Police Department to grant his firearms permit. The Court can discern no federal cause of action asserted in Plaintiff's Complaint. Whether the Complaint states a claim for relief will likely turn on the nature of the application process. The Complaint provides no other information about the timing or nature of Plaintiff's interaction with Defendants. Without a basic facts of Plaintiff's interaction with the Lakewood Police department — such as when he applied, whom he spoke to, what was communicated, and their manner of communication — the Court is unable to adequately screen the Complaint, and Defendants are not put on notice as to what wrongdoing they are alleged to have committed.[1]

---

[1] The Court notes that Plaintiff appears to have attempted to supplement his Complaint through docket filings offering additional exhibits and seeking additional relief (*See* ECF Nos. 4, 5, 6, 7, 8, 11.) To the extent Plaintiff wishes these allegations and claims to be included in and considered as part of his pleadings, any re-filed complaint must include this information.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **DENIED** and his Complaint is **DISMISSED** without prejudice. Within thirty (30) days, Plaintiff may file an amended complaint conforming to Rule 8's pleading requirements and may either submit a new application to proceed *in forma pauperis* or pay the $402.00 filing fee. An appropriate Order will accompany this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2023