NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELSON MAWALLA,<br><br>    Plaintiff,<br><br>    v.<br><br>LAKEWOOD POLICE DEPT., LYNN MILLER, & DETECTIVE DEPT.,<br><br>    Defendants. | Civil Action No. 23-1083 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Defendants Lakewood Police Department, Lynn Miller, and Detective Department's (together, the "Defendants") Motion (ECF No. 38) to Set Aside the Clerk of the Court's Entry of Default (ECF No. 34). Plaintiff, who proceeds *pro se*, did not file any opposition to the Motion. The Court has considered Defendants' Motion and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion is **GRANTED**.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Third Circuit has instructed courts to weigh three factors in exercising its discretion to determine whether good cause under Federal Rule of Civil Procedure 55(c) exists: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (internal quotation and citation omitted). Overall, the Third Circuit prefers decisions on the merits, thus disfavoring

defaults. *See, e.g., Ipromoteu, Inc. v. Sasco New Jersey, Inc.*, No. 20-20529, 2024 WL 278570, at *2 (D.N.J. Jan. 25, 2024).

As to the first factor, courts in this District frequently weigh it in favor of a defendant when a vacatur motion is unopposed and plaintiff has not otherwise raised any allegations of prejudice. *See id*; *see also Doe v. City of Jersey City Bd. of Educ.*, No. 21-20223, 2022 WL 1137301, at *2 (D.N.J. Apr. 18, 2022) (granting motion to vacate even where "Plaintiff's counsel declined to consent to withdraw the Entry of Default"). As the Motion here is unopposed, there have been no allegations of prejudice raised. Thus, any potential delay, on its own, insufficiently prejudices Plaintiff. *See N.J. Chinese Cmty. Ctr. v. McAleer*, No. 21-8320, 2022 WL 3403297, at *5 (D.N.J. Aug. 15, 2022) ("[D]elay . . . , alone, rarely establishes sufficient prejudice."). This factor favors vacatur.

As to the second factor which relates to the merit of Defendants' defenses, only a showing that the defenses are "litigable" is required, not that they would necessarily prevail at trial. *See Cunningham v. Speeding Moving Co., LLC*, No. 23-551, 2023 WL 4267645, at *2 (D.N.J. June 29, 2023) (citation omitted). Importantly, however, the defense must, if it were to prevail at trial, provide a "complete defense to the action." *J. Supor & Son Trucking & Riggins Co., Inc. v. Kenworth Truck Co.*, 791 F. App'x 308, 315 (3d Cir. 2019) (internal quotation and citation omitted). Defendants provide various defenses, including Lynn Miller's entitlement to either absolute or qualified immunity (ECF No. 38-1 at 6), and Plaintiff's failure to state a clam based that a constitutional violation occurred based on Defendants' refusal to issue him a gun ownership license (*id.* at 6–7). Without adjudging the merits of these defenses, they can provide a complete defense if Defendants were to ultimately prevail. *See, e.g.*, *Monnell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658, 691 (1978) (A plaintiff may not hold a municipality liable for the

constitutional violations of a police officer through a theory of *respondeat superior*); *Townsend v. Allie*, No. 21-3212, 2023 WL 8868791, at *4 (D.N.J. Dec. 22, 2023) (dismissing claim under Section 1983 because plaintiff "merely states, repeatedly and without explanation, that his [gun ownership] applications were denied based on his [race]").[1] The defenses provided by Defendants satisfy this requirement, thus this factor also favors Defendants.

Finally, "[t]he third factor considers whether a defendant is culpable in the default—*i.e.*, whether the defendant 'acted willfully or in bad faith.'" *Parra v. Delia's Rest. LLC*, No. 21-10645, 2023 WL 2917302, at *2 (D.N.J. Apr. 12, 2023) (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). To show this, "[m]ore than mere negligence must be demonstrated; willfulness and bad faith, such as acts intentionally designed to avoid compliance, must be shown." *Westpark Elecs. LLC v. EDealer LLC*, No. 22-4327, 2023 WL 157582, at *3 (D.N.J. Jan. 11, 2023) (citation omitted). Here, Defendants explain that they missed the deadlines to respond to the Amended Complaint because counsel was only hired to represent them *after* the Clerk entered default. (ECF No. 38-1 at 7.) Although Defendants concede that failure to appropriately retained counsel was an "unfortunate delay," it is not evidence of willfulness or bad faith since courts in this District "have previously recognized that a delay due to a defendant's efforts to retain counsel do not amount to culpable conduct." *Paris v. Pennsauken School Dist.*, No. 12-7355, 2013 WL 4047638, at *4 (D.N.J Aug. 9, 2013); *Itche Corp. v. G.E.S. Bakery, Inc.*, No. 08-3103, 2008 WL

---

[1] Plaintiff names two Lakewood governmental departments, Lakewood Police Department and "Detective Dept.," but not the Township of Lakewood itself. Although Defendants have not raised this deficiency specifically, this provides an additional defense. *See Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *Michaels v. State of N.J.*, 955 F. Supp. 315, 317 n.1 (D.N.J. 1996) (finding city police department improper defendant as the department "lack[ed] a separate legal existence" from the city itself).

4416457, at *2 (D.N.J. Sept. 24, 2008) (finding no culpability when Defendant "was delayed by its efforts to retain local counsel").

Therefore, based on the three-factor test for good cause, the Court exercises its discretion in finding good cause to vacate the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c). The Motion to Vacate is thus **GRANTED**.

Accordingly, **IT IS** on this 20th of March, 2025,

**ORDERED** that Defendants' Motion to Set Aside Clerk's Entry of Default (ECF No. 38) is **GRANTED**; and it is further

**ORDERED** that Defendants shall Answer or otherwise respond to the Amended Complaint (ECF No. 24) within twenty-one (21) days.

							_____
							ROBERT KIRSCH
							UNITED STATES DISTRICT JUDGE