**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELSON MAWALLA,<br><br>Plaintiff,<br><br>v.<br><br>LAKEWOOD POLICE DEPARTMENT et al.,<br><br>Defendants. | Civil Action No. 23-1083 (RK) (JTQ)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Lakewood Police Department, Lynn Miller, and the Township of Lakewood Detective Department's (collectively, "Defendants") Motion to Dismiss *pro se* Plaintiff Nelson Mawalla's ("Plaintiff") Second Amended Complaint, which Plaintiff filed as "Amend [sic] Complaint Pursuant [to the] Second, Seven [sic] and Fourteen [sic] Amendments of [the] United States of America Constitution, ("SAC," ECF No. 54), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), ("Mot.," ECF No. 58). Plaintiff opposed. ("Opp.," ECF No. 59.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

### I.  BACKGROUND

#### A. Procedural History

Before turning to the merits of Defendants' Motion, the Court begins with an overview of the extensive procedural history of this nearly three-year old action.

On February 23, 2023, Plaintiff filed his initial handwritten, form Complaint, (Compl., ECF No. 1), and accompanying application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ("IFP," ECF No. 1-6). The Complaint named as Defendants the Lakewood Police Department, Lynn Miller, and the Township of Lakewood Detective Department. (Compl. at 1.) Plaintiff alleged that as an "American citizen" he "has a right to own [a] gun if [he has] no criminal record." (*Id.* at 1–2.)[1] Plaintiff alleged—without specifying how—that his "[r]ight[s] [as a] citizen [were] violated" because of "[r]ight #2," presumably the Second Amendment. (*Id.* at 2–4.) Plaintiff identified February 21, 2023 as the date giving rise to his claims. (*Id.* at 3.)

On September 14, 2023, the Court denied Plaintiff's IFP application and dismissed his Complaint without prejudice. (ECF No. 13.) This Court found that Plaintiff's IFP application did not contain sufficient information for the Court to properly evaluate it, highlighting blank portions and contradictory information contained in the application. (ECF No. 12 at 3–4.) In screening Plaintiff's Complaint itself, the Court concluded that it failed to provide a "short and plain statement" showing Plaintiff's entitlement to relief under Rule 8(a) and failed to state a "claim upon which relief may be granted." (*Id.* at 4–5 (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)).) The Court further noted that New Jersey's firearm permit laws provide a process for applicants denied a firearms permit to seek a hearing before the New Jersey Superior Court, *see* N.J. Stat. Ann. § 2C:58-3(d), but that same law does not create a cause of action, (*id.* at 5). Additionally, the Court noted that the Complaint lacked facts sufficient to put Defendants "on notice as to what wrongdoing they are alleged to have committed." (*Id.*) Because Plaintiff attempted to supplement his Complaint six times after filing, (*see* ECF Nos. 4, 5, 6, 7, 8, 11), the Court directed Plaintiff to

---

[1] Because Plaintiff's initial Complaint lacks paragraph numbers, the Court cites to it by the complaint form's page numbers.

2

include any additional allegations or claims he wished to be considered in any re-filed complaint, (ECF No. 12 at 5 n.1).

The subsequent record over the next two years shows a pattern of procedurally deficient and/or improper filings by Plaintiff. For example, in October 2023, Plaintiff filed separate motions to seal, add additional defendants, reopen his case, and a renewed IFP application. (*See* ECF Nos. 14, 15, 16, 17, 18.) The Honorable Douglas E. Arpert, U.S.M.J. (ret.) denied both the motion to seal and motion to add additional defendants as procedurally improper for a host of reasons, including that Plaintiff had not yet filed an amended complaint, paid the filing fee, or been granted Court leave to proceed under his renewed IFP. (ECF No. 20 at 1–2.) Following Judge Arpert's denial of these motions, Plaintiff—with his initial motion to reopen still pending—filed an amended motion to reopen on February 9, 2024, (ECF No. 21), which he again amended four days later, (ECF No. 22). Nearly six months later, on August 19, 2024, Plaintiff filed a proposed First Amended Complaint. ("FAC," ECF No. 24.)

Plaintiff's FAC named the same three Defendants as in his first Complaint and, though still difficult to discern, clarified that his claims arose from Defendants' alleged denial of a gun permit despite Plaintiff's lack of a criminal record. (FAC at 2.)[2] Plaintiff alleged that this denial was due to his "race, skin color and national origin," (without, the Court notes, identifying his race, skin color, or national origin which supposedly premised his claims of purported discrimination), and asserted various violations of the Fourteenth Amendment under 42 U.S.C. § 1983, as well as various violations of New Jersey law. (*See generally*, FAC at 1–4). After granting Plaintiff's

---

[2] Because the FAC lacks both page numbers and paragraph numbers, the Court cites to it by PDF page number as it appears in ECF.

3

motion to reopen, (ECF No. 25), the Court conditionally granted Plaintiff's IFP application and docketed Plaintiff's FAC, (ECF No. 26).

On December 3, 2024, Plaintiff requested an entry of default against Defendants, which the Clerk entered on December 11, 2024.[3] (ECF Nos. 32, 34; *see also* Clerk's Quality Control Message, Dec. 4, 2024.) Plaintiff subsequently filed a Motion for Default Judgment. (ECF No. 33.) On January 29, 2025, Defendants filed a motion to set aside the Clerk's default pursuant to Rule 55(c), (ECF No. 38), which the Court granted, (ECF No. 39). The Court directed Defendants to answer or otherwise respond to Plaintiff's FAC within 21 days. (*Id.* at 4.)

Six days later, on March 26, 2025, Plaintiff filed a motion for leave to amend, (ECF No. 40), shortly followed by a motion to dismiss the FAC from Defendants, (ECF Nos. 42, 43). Plaintiff initially opposed Defendants' motion, (ECF No. 44), but, a month later, filed a motion to stay "till [sic] Plaintiff's FBI history records file be corrected and updated by this Agent," (ECF No. 45 at 1). Almost a month later, before this Court had the opportunity to adjudicate Plaintiff's motion to stay, Plaintiff filed a motion to withdraw his motion to stay. (ECF No. 48 at 1.) The Court granted Plaintiff's motion to withdraw his motion to stay the following day. (ECF No. 50.)

On August 20, 2025, the Honorable Justin T. Quinn granted Plaintiff's unopposed motion to amend and administratively terminated Defendants' motion to dismiss pending Plaintiff's amendment. (ECF No. 51.) Given Plaintiff's frequent filing and refiling, Judge Quinn granted Plaintiff, "out of an abundance of caution," the opportunity to "file a single amended complaint containing all claims that he intends to assert in this action." (*Id.* at 2.) In the event Plaintiff failed

---

[3] In fact, Plaintiff requested the Clerk to enter default against Defendants three times. (*See* ECF Nos. 31, 35, 36.)

4

to do so by September 10, 2025, the Court ordered that Plaintiff's August 2024 FAC would remain his operative pleading. (*Id.*)

Plaintiff did not file an amended complaint by the Court-imposed deadline. In a further effort to accommodate Plaintiff, Judge Quinn extended a final opportunity to him to file his Second Amended Complaint by September 25, 2025. (ECF No. 53). On September 19, 2025, Plaintiff filed his Second Amended Complaint. (SAC.)

### B. Plaintiff's Second Amended Complaint

Plaintiff's SAC, which consists of three pages of unnumbered paragraphs, alleges federal claims pursuant to the Second, Seventh, and Fourteenth Amendments to the Constitution. (SAC at 1–2.) Plaintiff names the Lakewood Police Department, Lynn Miller, and the Detective Department as Defendants without identifying or explaining, in any regard, what any of these Defendants allegedly did or failed to do. (*See generally id.*) Instead, he alleges, in the most conclusory fashion, that the "Defendants"—collectively—wronged him, without any individualized allegations.

Unlike his FAC, Plaintiff's SAC does not make any claims under 42 U.S.C. § 1983. (*Compare* FAC *with* SAC.) In his SAC, however, and without explaining the factual basis behind his claims, Plaintiff quotes a portion of the Second Amendment and states that it "protects an individual's right to possess firearms, unconnected with service in a militia, for traditionally lawful purposes, such as self-defense within the home." (*Id.* at 1.) He argues that "Defendants are not immune by US [sic] Second Amendment as clear[ly] stated in [the] US [sic] Constitution." (SAC at 1.) Notwithstanding repeated opportunities to amend his pleadings, this patent deficiency, namely, Plaintiff's failure to identify in any regard how his purported rights under the Second Amendment were denied, persists.

Plaintiff further alleges that pursuant to the Seventh Amendment, he is "guarantee[d]" the right to a jury trial and "demand[s]" one in this case "where . . . discovery might get this complaint [to] be resolved before trial." (*Id.*) Relatedly, under the heading "28 USC App Fed R Civ P Rule 38: Jury Trial of Right," Plaintiff states that "[p]ursuant [to] Fed. R. Civ. P. Rule 28 (b) . . . [a]ny party may demand a trial by jury."[4] (*Id.* at 2.) As to his Fourteenth Amendment claim, Plaintiff broadly alleges that his civil rights have been "abused by [D]efendants," and that Defendants' "action[s] do not abide" by the Constitution. (*Id.* at 2.) He further alleges that Defendants have exhibited an "abuse of power" by failing to timely respond to his Complaint and alleges that Defendants denied his gun permit because they felt that they were "immune." (*Id.*)

Further, Plaintiff includes a heading titled "Legal Duty of Care"—without explaining in what context Defendants owed him a legal duty—and outlines various "ways to determine if the Defendant owed a duty of care to the Plaintiff," vaguely noting that a "legal duty" is "an element of negligence." (*Id.*) Finally, Plaintiff includes a "request[]" in his pleading that the Court "review conduct of [D]efendants [according] to State and Federal Constitution on gun ownership," and that "[i]f necessary" the Court "shall question why defendants failed to denied [sic] or approve Plaintiff gun ownership two applications while US Federal Gov entities include CBP, DHS, FBI cleared Plaintiff background check." (*Id.* at 3.) It is axiomatic that is not the proper function of the Court to "question" putative Defendants in order to ensure compliance of a particular law.

On October 23, 2025, Defendants filed the instant Motion to Dismiss, accompanied by a twenty-one-paged brief, which chronicles, in some detail, the procedural labyrinth of this action,

---

[4] The Court is unaware of any provision of Title 28 of the United States Code matching Plaintiff's citation, or what is being referred to as "App." The Court has determined that Plaintiff is quoting Federal Rule of Civil Procedure 38(b) verbatim. The Court further concludes that Plaintiff's reference to Rule 28(b) was made in error, as Rule 38(b) provides the source of Plaintiff's quote regarding jury trials. Rule 28 outlines persons before whom depositions may be taken. *See* Fed. R. Civ. P. 28.

6

and sets forth a series of legal and factual bases warranting, yet again, dismissal. (*See generally* Mot.) Plaintiff submitted a two-paragraph "Brief Letter" in opposition, which consists of less than a single page—sans the caption—and fails to address any of Defendants' arguments in its motion.[5] (*See generally* Opp.) Instead, Plaintiff simply requests that "Defendant(s) . . . provide to this [C]ourt a denial decision which shall state a very clear reason for being denied gun ownership," and under a heading titled "[C]onclusion," simply reiterates, verbatim, the Second Amendment to the U.S. Constitution, with nothing more. (*Id.* at 1–2.) Defendants' Motion is now ripe for decision.

## II. LEGAL STANDARD

### A. Rule 8

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The United States Court of Appeals for the Third Circuit has advised that courts should "be flexible when applying procedural rules" to and "interpreting [the] pleadings" of *pro se* plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Indeed, this caution is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent

---

[5] Plaintiff's failure to address Defendants' arguments in his opposition leaves those arguments unrefuted and any response from Plaintiff waived. *See Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008) (affirming district court's grant of a motion to dismiss on grounds raised in defendants' motion but not addressed in plaintiff's opposition despite "ample opportunity" to contest it (citing *Confer v. Custom Eng'g Co.*, 952 F.2d 41, 44 (3d Cir. 1991) and *Laborers' Intern. Union of N. Am., AFL–CIO v. Foster Wheeler Energy*, 26 F.3d 375, 398 (3d Cir. 1994))); *Woodell v. Coach*, No. 22-2222, 2022 WL 17486262, at *3 (D.N.J. Dec. 7, 2022) ("As Woodell does not address these arguments in his opposition brief, any arguments in opposition are deemed waived." (citing *Leisure Pass N. Am., LLC v. Leisure Pass Grp., Ltd.*, No. 12-3375, 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013))).

forfeiture of important rights because of their lack of legal training." *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted) (cleaned up); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." (citation omitted)).

However, a plaintiff's *pro se* status does not permit him to ignore the requirements of the federal rules, especially, as here, both the District Court and the Magistrate Judge have repeatedly indulged and accommodated Plaintiff, instructed him as to his previous complaints' deficiencies, and advised him to "supplement" additional allegations and claims into an amended complaint, should he wish to do so. (*See* ECF No. 12 at 5 n.1 (advising Plaintiff to attach all information he intended to have considered by the Court to any future filed pleading); *see also* ECF No. 51 (permitting Plaintiff "the opportunity to file a single amended complaint containing *all claims* he intends to assert in this action." (emphasis added)).) "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Even a *pro se* plaintiff must "allege sufficient facts in [the] complaint[] to support a claim," *Mala*, 704 F.3d at 245 (citation omitted), and Defendants still require "fair notice" of the claims they will be expected to answer. *Twombly*, 550 U.S. at 555.

### B. Failure to State a Claim

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Restatements

8

of the elements of a claim are legal conclusions, and therefore, are inadequate to survive dismissal. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224–25 (3d Cir. 2011). Even if plausibly pled, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008)).

Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any [d]efendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which [d]efendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013).

### III. DISCUSSION

Plaintiff's SAC again fails to meet the requirements of Rule 8. Plaintiff's SAC offers few factual allegations and is largely comprised of quotations of various constitutional amendments, paraphrased summaries of Plaintiff's personal understanding of what such amendments entail, and a list of considerations he argues this Court should reference when determining whether Defendants owed him a duty of care. (*See generally* SAC.) Even applying Rule 8 "flexibly" to Plaintiff, the Court is unable to discern what relief, if any, Plaintiff believes he is entitled to. *See*

9

*Mala*, 704 F.3d at 244; *see also Swain v. City of Philadelphia*, No. 23-3258, 2023 WL 8258781, at *2 (E.D. Pa. Nov. 29, 2023) ("[Plaintiff] does not include any facts in her Complaint, and so has not adequately described the relevant who, what, where, when, and how that form the basis for her claims.").

The Court has previously dismissed Plaintiff's initial Complaint on Rule 8 grounds. (ECF No. 12 at 4–5.) Furthermore, on at least two prior occasions, the undersigned and Judge Quinn specifically brought to his attention the difficulty they had discerning Plaintiff's requested relief due to the vague and limited information contained in his Complaint. (*See id.* at 5 (concluding that the Court lacked "basic facts of Plaintiff's interaction with the Lakewood Police department — such as when he applied, whom he spoke to, what was communicated, and their manner of communication" to discern his allegations); *see also* ECF No. 51 at 1–2 ("At present, it is unclear from Plaintiff's motion whether Plaintiff intends to abandon the state law claims previously asserted and proceed solely with federal claims, or if he instead intends to add the new constitutional claims to the existing pleading.").) Plaintiff's vague and conclusory legal assertions—that Defendants are not "immune" from the Second Amendment, that Plaintiff is "guarantee[d]" a jury trial, that Defendants "show[ed] abuse of power" for failing to respond to his gun permit, and that Defendants owed him a convoluted legal duty to "not [make Plaintiff] feel[] inferior or [like a] low class citizen," (SAC at 1–2)—are hardly sufficient to give Defendants' "fair notice" of the claims are brought against them and the grounds upon which such claims rest, *Twombly*, 550 U.S. at 555; *Fowler*, 578 F.3d at 210–11. Despite multiple opportunities to amend, correct, and consolidate his pleadings from the Court over the last three years, Plaintiff's SAC again fails to adhere to Rule 8.

10

Plaintiff's SAC also fails to allege specific wrongdoing against each individual Defendant, instead grouping them together across all allegations. (*See generally*, SAC (referring only to "Defendants" throughout).) As far as the Court can tell, Plaintiff only distinguishes between the various Defendants a single time—in the case caption. (*Id.* at 1.) Under both Rules 12(b)(6) and 8(a)(2), a complaint must allege which Defendants engaged in what wrongful conduct with greater specificity. *See, e.g., Falat*, 2013 WL 1163751, at *3; *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (dismissing pursuant to Rule 8 because the "Plaintiffs' Complaint fails to separate out the liability for each defendant"); *Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." (citation omitted)). Without specifying what each Defendant did, the Court is unable to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, the court will dismiss all claims against Defendants because the Second Amended Complaint contains no specific allegations of wrongdoing.[6]

Plaintiff's naked reference to "negligence" and factually unsupported references to a "legal duty" are wholly insufficient to state a claim for negligence. *Lackner v. United States*, No. 22-4951, 2025 WL 314965, at *7 (D.N.J. Jan. 28, 2025) (identifying the elements of a negligence claim under New Jersey law as "(1) duty of care; (2) breach of that duty; (3) proximate cause; and

---

[6] The Court need not address any claims raised in Plaintiff's previous Complaints. *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (cleaned up).

11

(4) actual damages."). Further, it is Plaintiff's burden to prove negligence. *Taylor v. Fontenot*, No. 05-1911, 2007 WL 9782881, at *3 (D.N.J. Aug. 8, 2007) ("The burden of proving negligence lies with the plaintiff."). As such, Plaintiff's invitation that this Court "determine if the Defendant owed a duty of care to the Plaintiff" is not the proper role of the Court.[7] (*See* SAC at 2.)

Furthermore, per Plaintiff's own allegations, it appears that Defendants may not even have reached a decision regarding his gun permit. (*See* SAC at 3.) Accordingly, Plaintiff's claims may not yet be ripe. *See Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994) (finding that ripeness centers on whether an injury has occurred).[8] The Court notes that there exists a statutory framework available to Plaintiff to appeal any gun permit denials directly to the New Jersey Superior Court. *See* N.J. Stat. Ann. § 2C:58-3(d) ("Any person aggrieved by the denial of a permit or identification card may request a hearing in the Superior Court . . . ."). Of course, under certain circumstances, a plaintiff may have an actionable federal claim arising from a state statute or the manner in which the statute is applied, which N.J. Stat. Ann. § 2C:58-3 itself does not foreclose. However, at this juncture, it appears that "[t]he proper

---

[7] Plaintiff may also not rely on his state-law negligence claim for jurisdiction in this Court following the dismissal of his other federal claims. A claim for negligence under New Jersey law, particularly without any allegations regarding an amount of damages or diversity of citizenship, is insufficient to confer any form of subject matter jurisdiction. *See Elmilligy v. CVS Pharmacy, Inc.*, No. 25-13497, 2025 WL 3268384, at *2 (D.N.J. Nov. 24, 2025) (finding no federal question jurisdiction because negligence is a state-law tort and the complaint failed to allege damages necessary to support diversity).

[8] While the issue is not before this Court, the Court notes that Plaintiff's claim might be barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Stephens v. Jerejian*, No. 14-06688, 2023 WL 316344, at *2 (D.N.J. Jan. 17, 2023) (holding that Plaintiff's claims challenging a denial of his permits to purchase firearms was precluded by *Rooker-Feldman*). Plaintiff cannot seek federal relief for previous losses in state court. *Id.* ("*Rooker-Feldman* doctrine applies specifically to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (internal quotation omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))).

course is for Plaintiff to re-apply for the permits so that he can demonstrate his fitness to purchase the firearms." *Stephens v. Jerejian*, No. 14-06688, 2023 WL 316344, at *2 (D.N.J. Jan. 17, 2023).

As to Plaintiff's Seventh Amendment claims, the Court notes that the Seventh Amendment's right to a trial by jury is not an independent vehicle, at least in this context, by which Plaintiff can assert a freestanding cause of action. *See Curtis v. Loether*, 415. U.S. 189, 194 (1974) ("The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, *if the statute creates legal rights and remedies*, enforceable in an action for damages in the ordinary courts of law." (emphasis added)); *see also Syncsort Inc. v. Innovative Routines Int'l, Inc.*, No. 04-3623, 2008 WL 11381901, at *7 (D.N.J. July 30, 2008) ("Courts have consistently held that suits merely seeking injunctive relief, not monetary damages, are equitable in nature and do not provide a right to jury trial." (collecting cases)). By extension, Rule 38 does not provide a cause of action either. *See Mall Chevrolet, Inc. v. Gen. Motors LLC*, No. 18-15077, 2021 WL 426193, at *18 (D.N.J. Feb. 8, 2021) ("Federal Rule of Civil Procedure 38(a) provides that '[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.'" (quoting Fed. R. Civ. P. 38(a))).

Additionally, Plaintiff's barebones allegations that Defendants did "not abide" by the Constitution and that Defendants "abused" his civil rights are insufficient to state a claim under the Fourteenth Amendment. *Stackhouse v. City of East Orange*, No. 07-5502, 2008 WL 4852680, at *6 n.4 (D.N.J. Nov. 7, 2008) (noting that the plaintiff's "due process allegations are void of any facts and cannot be construed as a cognizable claim," where the plaintiff's complaint "failed to specify the harm," and concluding that the court could not "assume that the state procedures would not afford him an adequate due process remedy" without particularized allegations).

Finally, "[w]hile this Court is mindful of the Third Circuit's teaching that a *pro se* civil complaint, generally, should not be dismissed without allowing the litigant an opportunity to amend, a dismissal with prejudice appears appropriate in the instant matter." *Jacobs v. A Robert Depersia Agency*, No. 09-0180, 2009 WL 799944, at *3 (D.N.J. Mar. 20, 2009) (internal citation omitted) (citing *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000)). The court need not grant Plaintiff leave to amend if amendment would be "inequitable or futile." *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (citations omitted). Given Plaintiff's inability to satisfy the pleading requirements of the federal rules across multiple complaints, spanning years, the Court concludes that amendment would be futile and dismissal must be with prejudice. *Id.*; *see also Shaikh v. Germadnig*, No. 23-2301, 2024 WL 2861845, at *4 (3d Cir. June 6, 2024) (per curiam) (citing *Grayson*, 293 F.3d at 108) (finding that the District Court did not abuse its discretion nor violate plaintiff's due process rights in denying plaintiff leave to amend his complaint to better plead his claims).

Plaintiff has already had two chances to amend his complaint and has disregarded the Court's guidance on how to cure these procedural deficiencies. *See Freeman v. TD Bank*, No. 25-1394, 2025 WL 3268455, at *2 (3d Cir. Nov. 24, 2025) (per curiam) (citing *Mala*, 704 F.3d at 244–45) (affirming the District Court's denial of leave to amend where "the court clearly explained why the original complaint was deficient and it need not have provided more advice," and where "nothing in [the parties'] filings suggests that they could amend their complaint to state any colorable federal claim if given another chance.").

*Brown v. Cantineri*, No. 14-6391, 2017 WL 481467, at *2 (D.N.J. Feb. 6, 2017) ("Because I have already given [plaintiff] one opportunity to amend, this dismissal is with prejudice."); *Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510, 2019 WL

14

2281632, at *4 (D.N.J. May 29, 2019) (dismissing with prejudice because plaintiff had repeatedly failed to correct the noted deficiencies in his pleading); *cf. Stephens v. Jerejian*, 2015 WL 4749005, at *3 (D.N.J. Aug. 6, 2015), *aff'd per curiam*, 655 F. App'x 64 (3d Cir. 2016) (dismissing both facial and as-applied challenges to the New Jersey firearms regulation scheme with prejudice). Accordingly, the Court dismisses Plaintiff's SAC with prejudice.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED**. (ECF No. 58.) Plaintiff's Second Amended Complaint is hereby **DISMISSED** with prejudice. (ECF No. 54.) The Clerk is directed to **CLOSE** this case.

---
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: February 17, 2026